NOT FOR PUBLICATION
File Name: 05a0559n.06
Filed: July 1, 2005

No. 04-6083

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

KEVOUS RAMON MCKINNEY,

        Defendant-Appellant.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge.[*]

**SUHRHEINRICH, J.,** Defendant Kevous Ramon McKinney pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On appeal, he challenges the sentence imposed. We vacate and remand for resentencing.

**I.**

The parties agree as to the facts relevant to this appeal. On June 19, 2003, McKinney shot Dale Person several times, using a .357 magnum caliber revolver. On May 17, 2004, McKinney entered a "best interest plea" to a charge of attempted second degree murder in the Circuit Court of Madison County, Tennessee. On May 19, 2004, he entered a guilty plea, and on August 26, 2004, he was sentenced to 211 months' imprisonment followed by three years of supervised release.

_____

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

Pursuant to controlling guideline section 2K2.1(c)(1)(A) of the U.S. Sentencing Guidelines Manual (Nov. 2003) (providing that "[i]f a defendant used or possessed any firearm or ammunition in connection with the commission or attempt of another offense, . . . apply – (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above"), the district court applied section 2X1.1(a) and the further cross-reference to section 2A2.1, "Assault with Intent to Commit Murder; Attempted Murder," and assigned a base offense level of 28. *See* U.S. Sentencing Guidelines Manual § 2A2.1(a) (setting base offense level at 28 "if the object of the offense would have constituted first degree murder"). The court then added two points under section 2A2.1(b)(1)(B), because the victim sustained serious bodily injury. *See* U.S. Sentencing Guidelines Manual § 2A2.1(b)(1)(B). The court set the adjusted offense level at 30.

Because McKinney was an armed career offender under section 4B1.4(a), the court increased his offense level to 34, pursuant to section 4B1.4(b)(3)(A). Section 4B1.4(b)(3)(A) states in relevant part that the offense is 34 "if the defendant used or possessed the firearm or ammunition in connection with . . . a crime of violence, as defined in § 4B1.2(a)." U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A). The district court gave McKinney a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), resulting in a total offense level of 31. With a criminal history category of VI, McKinney's guidelines range was 188-235 months.

The court remarked that it was "trouble[d]" by the facts of the underlying assault charge, which nearly resulted in a murder charge, as well as McKinney's high criminal history score of fifteen. On the other hand, the court also noted that all of McKinney's prior criminal conduct occurred in a very short period of time, roughly a two-month period in 1994. The district court

therefore "split the difference" and sentenced defendant to 211 months of imprisonment, near the middle of the range.

The district court rejected McKinney's argument that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), precluded the court from making the various sentencing enhancements, including the classification as a armed career criminal under section 4B1.4. The district court held that *Apprendi* allows the sentencing court to find not only the *fact* of a prior conviction but also the *nature* of that prior conviction for purposes of determining whether he met the statutory definition of an armed career criminal.

## II.

On appeal, McKinney contends that the district court erred in classifying him as an armed career criminal pursuant to U.S.S.G. section 4B1.4. He also argues that the court erred in setting his base offense level at 28 pursuant to the cross-reference of section 2K2.1(c)(1), and in enhancing his sentence by two levels pursuant to section 2A21.(b)(1)(B).

## A.

McKinney argues that even if the district court were entitled to find the fact of a prior conviction, it could not, consistent with the principles established in *Apprendi*, and reiterated in *Blakely*, find the "ultimate" fact that a prior conviction was a "violent felony" as required by 18 U.S.C. § 924(e). This argument is foreclosed by our recent decision in *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (holding that a district court's characterization of a prior conviction as a "violent felony" as defined in the ACCA does not violate a defendant's Sixth Amendment rights under *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005)), *pet. for cert. filed*, (June 16, 2005) (No. 04-1690).

3

As counsel for McKinney conceded at oral argument, *Shepard v. United States*, 125 S. Ct. 1254 (2005), has not overruled the holdings of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or *Barnett*.

**B.**

Next, McKinney claims that the district court erred in setting his base offense level at 28 pursuant to sections 2K2.1(c)(1) and 2A2.1(b)(1)(B) because the enhancements were based upon the factual findings of the district court in derogation of the Sixth Amendment and *Blakely*. *Booker* has validated McKinney's position. *See Booker*, 125 S. Ct. at 749, 756 (holding that Sixth Amendment as construed in *Blakely* applies to federal sentencing guidelines; therefore, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). Thus, given that McKinney raised these claims in the district court, properly preserving them, the question becomes whether the errors were harmless. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (noting that because the defendant properly preserved his argument that the district court erred in applying the enhancement, the court of appeals was required to determine whether any error was harmless, as opposed to conducting a plain error analysis). Under the harmless error test, a remand for error is required unless the court of appeals determines that the error "'did not affect the district court's selection of the sentence imposed.'" *Id*. (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

As the district court stated at sentencing, the cross-references and enhancements are subsumed by the imposition of the offense level of 34 for an armed career criminal under section

4

4B1.4(a). *See* 18 U.S.C. § 924(e)(1);[1] U. S. Sentencing Guidelines Manual § 4B1.4, cmt. n.1 (2003) (stating that " [t]his guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e)"); U.S. Sentencing Guidelines Manual App. A (specifying the offense guideline section applicable to the statute of conviction, in particular sections 2K2.1 and 4B1.4 as corresponding to 18 U.S.C. § 924(e)). In essence, then, McKinney's objections to these enhancements are moot.

Notwithstanding, this matter must still be remanded for resentencing. As the Government concedes, the district court would have had discretion, under the new advisory regime, to impose a sentence as low as 180 months of imprisonment, the statutory minimum approved by the ACCA had it not operated under a pre-*Booker* mandatory regime. Furthermore, in this case, as in *Barnett*, the district court sentenced near the middle of the range, and its comments indicate that it might have imposed a different sentence under a discretionary sentencing regime. *See Barnett*, 398 F.3d at 529.

### III.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for resentencing in accordance with *Booker* and this opinion.

---

[1] 18 U.S.C. § 924(e) sets a mandatory minimum of 180 months' imprisonment.