NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0467n.06
Filed: July 5, 2006

No. 05-6462

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES |
| Plaintiff-Appellee, | ) | DISTRICT COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | |
| KEVOUS RAMON MCKINNEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges; and SPIEGEL, District Judge.[*]

PER CURIAM.

Defendant Kevous Ramon McKinney appeals the district court's resentencing following his successful appeal from his initial sentence after his plea of guilty to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). McKinney contends that the district court erroneously relied on 18 U.S.C. § 924(e)(1), the armed career-criminal statute, in fashioning his sentence.[1] We affirm.

_____

[*]The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]Title 18 U.S.C. § 924 provides, in pertinent part, as follows:

In the case of a person who violates section 922(g) of this title [18 USCS § 922(g)] and has three previous convictions by any court referred to in section 922(g)(1) of this title [18 USCS § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined

I.

The following facts are taken from our prior opinion issued in connection with McKinney's

first sentencing appeal:

> On June 19, 2003, McKinney shot Dale Person several times, using a .357 magnum
> caliber revolver. On May 17, 2004, McKinney entered a "best interest plea" to a
> charge of attempted second degree murder in the Circuit Court of Madison County,
> Tennessee. On May 19, 2004, he entered a guilty plea, and on August 26, 2004, he
> was sentenced to 211 months' imprisonment followed by three years of supervised
> release.[2]
>
> Pursuant to controlling guideline section 2K2.1(c)(1)(A) of the U.S. Sentencing
> Guidelines Manual (Nov. 2003) (providing that "[i]f a defendant used or possessed
> any firearm or ammunition in connection with the commission or attempt of another
> offense, . . . apply - (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to
> that other offense, if the resulting offense level is greater than that determined
> above"), the district court applied section 2X1.1(a) and the further cross-reference
> to section 2A2.1, "Assault with Intent to Commit Murder; Attempted Murder," and
> assigned a base offense level of 28. *See* U.S. Sentencing Guidelines Manual §
> 2A2.1(a) (setting base offense level at 28 "if the object of the offense would have
> constituted first degree murder"). The court then added two points under section
> 2A2.1 (b)(1)(B), because the victim sustained serious bodily injury. *See* U.S.
> Sentencing Guidelines Manual § 2A2.1(b)(1)(B). The court set the adjusted offense
> level at 30.
>
> Because McKinney was an armed career offender under section 4B1.4(a), the court
> increased his offense level to 34, pursuant to section 4B1.4(b)(3)(A). Section
> 4B1.4(b)(3)(A) states in relevant part that the offense is 34 "if the defendant used or

> under this title and imprisoned not less than fifteen years, and, notwithstanding any
> other provision of law, the court shall not suspend the sentence of, or grant a
> probationary sentence to, such person with respect to the conviction under section
> 922(g) [18 USCS § 922(g)].

*Id.* § 924(e)(1).

[2]This sentence of the opinion refers to the guilty plea McKinney entered into in *this* case (as
opposed to the "best interest plea" he entered into in state court).

> possessed the firearm or ammunition in connection with . . . a crime of violence, as defined in § 4B1.2(a)." U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A). The district court gave McKinney a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), resulting in a total offense level of 31. With a criminal history category of VI, McKinney's guidelines range was 188-235 months.
>
> The court remarked that it was "trouble[d]" by the facts of the underlying assault charge, which nearly resulted in a murder charge, as well as McKinney's high criminal history score of fifteen. On the other hand, the court also noted that all of McKinney's prior criminal conduct occurred in a very short period of time, roughly a two-month period in 1994. The district court therefore "split the difference" and sentenced defendant to 211 months of imprisonment, near the middle of the range.

*United States v. McKinney*, 138 F. App'x. 724, 725 (6th Cir. 2005).

McKinney thereafter appealed his sentence, primarily arguing that the district court unconstitutionally classified him as an armed career criminal pursuant to U.S.S.G. § 4B1.4.[3]

*McKinney*, 138 F. App'x. at 726. In rejecting McKinney's arguments, we stated:

> This argument is foreclosed by our recent decision in *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (holding that a district court's characterization of a prior conviction as a "violent felony" as defined in the ACCA does not violate a defendant's Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)), *pet. for cert. filed*, (June 16, 2005) (No. 04-1690).
>
> As counsel for McKinney conceded at oral argument, *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), has not overruled the holdings of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), or *Barnett*.

---

[3]In pertinent part, U.S.S.G. § 4B1.4 provides that "[t]he offense level for an armed career criminal is . . . 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)[.]" *Id*. § 4B1.4(b)(3)(A).

*Id.* McKinney alternatively argued that the district court erroneously treated the Guidelines as mandatory during sentencing and, as a result, sentenced him in violation of *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 727. We agreed and vacated the district court's judgment in order for McKinney to be resentenced. *Id.*

The district court held a resentencing hearing for McKinney on September 9, 2005. At that hearing, counsel for McKinney renewed his objection to the district court's use of the armed career criminal guideline, asserting that Justice Thomas's concurring opinion in *Shepherd v. United States*, 543 U.S. 13 (2005), foretells of the Supreme Court's intent to imminently overrule its decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 246 (1998) (excepting a "prior conviction" from the general rule that sentencing-enhancing facts must be found by a jury and proved beyond a reasonable doubt). After noting counsel's objection, the district court rejected counsel's arguments and provided the following rationale in connection with resentencing McKinney:

> I look at your criminal history and conclude that you have a very violent conviction. This attempt to commit murder involved shooting the victim in the head, and that could very easily have turned into a first-degree murder conviction.
>
> In addition to that, we've got three convictions for aggravated burglary, another conviction for attempt to commit aggravated burglary, and aggravated assault on a police officer.
>
> It's clear that you qualify for armed career offender status. You are exactly what was in mind when those laws and regulations were passed.
>
> So the court concludes that with a history like that, the court cannot find any basis to give you a lower sentence or a reduced sentence. In fact, I'm sitting here sort of puzzled as to why I gave you a sentence less than the maximum the last time you were here. I guess it has to do with the mood of the judge on the day. But it seems to me that anything less than the maximum in your case, you caught a break.

So I'm going to impose a sentence of 211 months in the custody of the Bureau of Prisons. That's the same sentence that was imposed previously except then the guidelines were mandatory.

This timely appeal followed.

II.

McKinney contends that, although the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), excepts "the fact of a prior conviction" from the general rule that sentencing-enhancing facts must be found by a jury and proved beyond a reasonable doubt, language in the Court's subsequent opinion in *Shepherd*, 543 U.S. at 28 (Thomas, J., concurring), intimates that the Court soon plans to overrule its decision in *Almendarez-Torres*, 523 U.S. at 246. Thus, according to McKinney, he "wishes to preserve this assignment of error in the event of a later change in the law from the Supreme Court."

"A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review." *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005) (citing *United States v. Campbell*, 317 F.3d 597, 604 (6th Cir. 2003)). When a defendant also specifically challenges the calculation of his criminal history category, we conduct a de novo review. *United States v. Wheeler*, 330 F.3d 407, 411 (6th Cir. 2003).

McKinney's challenge is foreclosed by our decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), wherein we held that "[e]xisting case law establishes that *Apprendi* does not require the nature or character of prior convictions to be determined by a jury[,]" *id*. at 524. *Accord United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006) ("[W]e have held that a district court

does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence under the Armed Career Criminal Act."); *United States v. Poole*, 407 F.3d 767, 777 (6th Cir. 2005) ("*Booker*'s holding, that the Sixth Amendment bars mandatory enhancements based on judicial fact-finding, does not apply to the 'fact of a prior conviction.'"). Additionally, we have previously rejected a defendant's reliance on Justice Thomas's concurring opinion in *Shepherd* for the proposition that the Supreme Court intends to overrule *Almendarez-Torres*. *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006). Given that the universal weight of authority contradicts McKinney's position,[4] we affirm his resentencing.

       Affirmed.

---

[4]*See, e.g., United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005) (concluding that *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*"); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.) (rejecting defendant's argument that *Almendarez-Torres* was incorrectly decided and observing that *Almendarez-Torres* remains binding), *cert. denied*, 126 S. Ct. 298 (2005); *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005) (noting that the decision in *Almendarez-Torres* still stands despite *Blakely* and *Booker* because "an inferior federal court [has] the responsibility to follow directly applicable Supreme Court decisions").