NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0165n.06

No. 08-2257

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff-Appellee,         )
                                    )    ON APPEAL FROM THE UNITED
v.                                  )    STATES DISTRICT COURT FOR
                                    )    THE EASTERN DISTRICT OF
                                    )    MICHIGAN
JAMES C. MALLOY,                    )
                                    )    AMENDED
        Defendant-Appellant.        )

Before: SILER, MOORE, and CLAY, Circuit Judges.

**SILER**, Circuit Judge. James C. Malloy was initially sentenced to serve 150 months' imprisonment on his conviction for being a felon in possession of a firearm, but we reversed his sentence and remanded his case for re-sentencing, because the district court's application of the Armed Career Criminal Act ("ACCA") to Malloy was erroneous. On remand, the district court downwardly departed from the Sentencing Guidelines to sentence Malloy to 88 months' imprisonment. Malloy now challenges both the procedural and substantive reasonableness of that sentence. We **AFFIRM**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Malloy pled guilty to being a felon in possession of a firearm on one count of a five-count indictment in 2007. The plea agreement included an "agreed" Guideline range of 180-210 months, but left open the issue of whether Malloy should be sentenced

1

to a mandatory minimum of 15 years pursuant to the ACCA, 18 U.S.C. § 924(e). The Presentence

Report ("PSR") calculated Malloy's offense level to be 26. The PSR increased this offense level to

30 based on the operation of the ACCA.

Malloy urged the district court at sentencing that his prior state court convictions were not

violent felonies which subjected him to the ACCA. The district court rejected this argument,

determined Malloy's Sentencing Guideline range to be 180 to 210 months, and sentenced him to 150

months' imprisonment, which was below his Guideline range, based on his substantial assistance

to the government as stated in the government's § 5K1.1 motion. We reversed the district court's

judgment and remanded for re-sentencing.

On re-sentencing, Malloy argued that a sentencing variance was warranted based on *Rita v.*

*United States*, 551 U.S. 338 (2007), which allows courts to consider whether Guidelines provisions

fail to properly reflect § 3553(a) considerations or reflect unsound judgment, *id.* at 351, and

*Kimbrough v. United States*, 552 U.S. 85 (2007), which allows a district court to refuse to apply any

Guideline which it determines lacks a sound rationale, *id.* at 109-10. Specifically, Malloy argued

that the two firearms enhancements he was subjected to—based on the involvement of three to seven

stolen firearms—were not based on empirical evidence and should not be applied to him. The

district court rejected this argument. The district court also rejected Malloy's renewed argument

regarding the need to avoid sentence disparity between him and a codefendant. Finally, Malloy

urged the district court to consider the extent of his cooperation with the government, which the

district court considered by granting him a 20% downward departure from the otherwise applicable

Guideline range. The district court calculated Malloy's Guideline range to be 110 to 120 months,

granted the 20% departure, reducing the range to 88 to 96 months, and sentenced Malloy at the low-end of that range—88 months' incarceration to run concurrently with the state sentence Malloy was serving at the time. Malloy now appeals this second sentence.

## DISCUSSION

We review the district court's sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 46-50 (2007); *see United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). Malloy challenges both the procedural and substantive reasonableness of his sentence.

*I. Procedural Reasonableness*

Malloy argues that the sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing the particular sentence and failed to expressly address Malloy's level of cooperation with the government when imposing the sentence. For a sentence to be procedurally reasonable the district court must properly calculate the applicable Guidelines range and consider all of the factors listed in 18 U.S.C. § 3553(a); then it must adequately explain the chosen sentence to allow for meaningful appellate review. *Gall*, 552 U.S. at 49-50. Because Malloy did not object on these bases at the district court level when specifically asked if he had any objections, our review is for plain error only. *United States v. Vonner*, 516 F.3d 382, 391 (6th Cir. 2008).

First, the district court gave reasons for Malloy's sentence. While the district court's explanation was brief, even brief sentencing explanations can be sufficient. *See Rita*, 551 U.S. at 345-47. Furthermore, "[t]he appropriateness of brevity or length, conciseness or detail . . . depends upon the circumstances." *Id.* at 356. In these circumstances the district court's explanation of its

sentence was sufficient. It indicated that it considered Malloy's arguments, and Malloy did not object to its explanation at the time. In addition, the same district court sentenced Malloy both times, meaning that it considered the § 3553(a) factors twice in Malloy's case. While our reversal of the initial sentence impacted the Guideline range and sentences available, it did not change the nature or characteristics of the offense or offender, nor did it change the need for the sentence to reflect the basic aims of sentencing, the Sentencing Commission's policy statements, or the need for restitution. *See* 18 U.S.C. §3553(a); *Rita*, 551 U.S. at 347-48. Furthermore, the district court considered Malloy's arguments regarding unwarranted sentence disparities at each sentencing. It also considered Malloy's parole determination, which occurred after the initial sentencing, and sentenced Malloy to serve a term of imprisonment concurrently with, not consecutively to, the time he serves for his parole violation.

The district court also considered Malloy's cooperation and explained that the 20% departure was appropriate. We do not ordinarily have jurisdiction to evaluate the appropriateness of a § 5K1.1 departure. *United States v. Ridge*, 329 F.3d 535, 541 (6th Cir. 2003). "Whether and to what extent to grant a section 5K1.1 motion rests within the discretion of the sentencing court." *United States v. Rosenbaum*, 585 F.3d 259, 264 (6th Cir. 2009). The district court relied on the prosecution's recommendation when reducing Malloy's sentencing range by 20%, and this reliance was appropriate because the prosecution was in the best position to determine the significance of Malloy's assistance. Regardless of whether the district court expressly stated its consideration of Malloy's cooperation, it clearly reflected the cooperation in granting the § 5K1.1 motion, and its

failure to state this expressly under the circumstances was not plain error.[1]  Accordingly, under the unique circumstances of this case, we conclude that, on review for plain error, Malloy's sentence was procedurally reasonable.  We encourage the district court to provide fuller explanations in the future, so that the parties and any reviewing court will understand the district court's rationale regarding disputed aspects of the sentence.

*II. Substantive Reasonableness*

Similarly, Malloy's sentence was substantively reasonable.  We review the substantive reasonableness of the sentence to determine whether it was an abuse of discretion.  *Gall*, 552 U.S. at 49-50.  A sentence within a properly calculated advisory Guideline range is entitled to a rebuttable presumption of reasonableness on review, *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008), and the burden is on the defendant to demonstrate that the sentence is unreasonable, *United States v. Crowell*, 493 F.3d 744, 751 (6th Cir. 2007).  A sentence may be substantively unreasonable if the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor."  *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

Malloy contends that his sentence was substantively unreasonable because the district court improperly rejected his argument that his sentence should not have been enhanced for the number of firearms he possessed and the fact that they were stolen.  He urges us that these enhancements are

---

[1]Additionally, the district court judge sentenced Malloy to the low end of the Guideline range created after the 20% decrease.  While the district court did not say this explicitly, it likely considered Malloy's cooperation when crafting the particular sentence within the range.

not supported by empirical evidence, and, based on *Kimbrough*, we should refuse their application here.

Malloy's argument is misguided in several ways. First, although district courts have discretion to consider whether a sentencing guideline enhancement has a sound rationale, *see Kimbrough*, 552 U.S. at 90, they need not refuse to apply every enhancement which does not articulate empirical evidence supporting its existence. The district court could have reasonably concluded that the enhancements were appropriate because a defendant who possesses more guns or guns that are stolen is more culpable and more deserving of punishment than a defendant who possesses fewer, legally obtained firearms. In fact, we have upheld numerous sentences which included the disputed enhancements, both before and after *Kimbrough* was decided. *See, e.g.*, *United States v. Wheeler*, 330 F.3d 407, 414 n.9 (6th Cir. 2003)*; United States v. Smith*, 308 F. App'x 942, 943, 944 (6th Cir. 2009); *United States v. Bass*, 320 F. App'x 350, 351, 352 (6th Cir. 2009); *United States v. Fouse*, 250 F. App'x 704, (6th Cir. 2007). Furthermore, Malloy provides no reason why these enhancements are deficient, and although he faults the Sentencing Commission for failing to provide empirical support for its conclusion, he provides none of his own. The district court did not abuse its discretion by applying the enhancements and sentencing Malloy below the Guideline range.

Finally, Malloy's sentence was reasonable when compared with that of his codefendant. Sentencing disparities with which the Sentencing Commission and Sentencing Guidelines are concerned are national disparities among similarly situated defendants, not individual disparities between particular codefendants. *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008).

Moreover, the district court explained why the disparity in this case was warranted: Malloy's criminal history was greater than his codefendant's and his assistance to the government was less substantial. In light of the district court's reasoned judgment, we cannot conclude that Malloy's sentence was an abuse of discretion.

**AFFIRMED.**

**CLAY, Circuit Judge, dissenting.** The district judge in this case failed to respond to Defendant's primary argument that Defendant should have received a lower sentence based on his cooperation with the government. The majority attempts to respond to that argument by discussing what occurred at the first sentencing, but it is only the second sentencing hearing which is the subject of this appeal. Regardless, at neither sentencing hearing did the district judge properly address Defendant's argument that his cooperation should merit a downward variance below what he might be entitled to based on the government's § 5K1.1 motion. Because it is well-established in this Circuit that a sentencing judge must respond to all nonfrivolous arguments raised by the Defendant at sentencing, I respectfully dissent.

A sentencing judge commits a procedural error when he fails to address a nonfrivolous argument made by the defendant in support of a lower sentence. *United States v. Blackwell,* 459 F.3d 739, 774 (6th Cir. 2006) ("the black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant"); *see also United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) ("[T]he record must reflect both that the district judge considered the defendant's [nonfrivolous] argument and that the judge explained the basis for rejecting it."); *United States v. Vonner,* 516 F.3d 382, 388-89 (6th Cir. 2008) (*en banc*) (the district judge has a duty to consider each relevant factor in sentencing); *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006) (if "defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it"); *accord United States v. Studebaker*, 578 F.3d 423, 430-31 (6th. Cir. 2009)

(the district court must consider on the record all relevant § 3553(a) factors and all nonfrivolous arguments from both parties).

The district court granted the government's § 5K1.1 motion for a 20% reduction in Defendant's sentence due to his cooperation, which was accompanied by a sparse explanation for why that amount of departure was appropriate in this case. The majority seems to find that ruling sufficient to conclude that the district court considered, and explained its reasons for rejecting, Defendant's separate argument that his cooperation justified an even more significant downward variance. But, as the majority notes, "the district court did not say this explicitly," which is a procedural error under the law of this Circuit. (Maj. Op. at 5 n.1). While our review in this case is for plain error, Defendant's primary argument for a lower sentence was based upon Defendant's cooperation with the government, and the record reflects that the district judge failed to address, after considering the government's § 5K1.1 motion, whether Defendant's cooperation should have resulted in an additional variance under § 3553(a).

Likewise, the fact that the district court may have engaged in some discussion of Defendant's cooperation at the first sentencing hearing does not relieve the sentencing judge of the requirement to make a complete record in explaining the sentence imposed at the second sentencing hearing. The majority's argument that "the same district court sentenced Malloy both times, meaning that it considered the § 3553(a) factors twice in Malloy's case," does not support the dubious contention that the district court need not give an explanation of its weighing of Defendant's cooperation at the second sentencing. (Maj. Op. at 4). It is the second sentencing hearing that we review in connection with this appeal, not the first. While it may sometimes be appropriate for the district judge at a

second sentencing hearing to incorporate by explicit reference the findings made at a prior sentencing hearing, the district judge made no such explicit incorporation in this case. *See e.g.,United States v. Zerilli,* 187 F. App'x. 529, 532 (6th Cir. 2006) (upholding sentence where district judge explicitly referenced findings made in first sentencing hearing at second sentencing hearing as part of explanation of § 3553(a) factors). In its opinion in the instant case, the majority is attempting to utilize the first sentencing hearing to skirt the district court's failure to explain its sentence. However, the majority cannot succeed in this stratagem in view of the deficiency of the prior sentencing.

It is unclear how the majority reaches the conclusion that the district court considered Defendant's argument for a greater downward variance. Merely stating that "it clearly reflected the cooperation" does not make it true, even under plain error review. (Maj. Op. at 4). Upon review of the record of both sentencing hearings, there is no discussion of Defendant's argument for a downward variance due to his cooperation. There is only the discussion of the government's § 5K1.1 motion at both sentencings. The government's brief on appeal concedes that "the court did not make reference to Malloy's cooperation" when discussing the § 3553(a) factors, which would have been the appropriate time for the district court to address Defendant's argument for a variance. (Appellee's Br. at 13-14).

A cursory explanation of the district court's decision to grant the government's § 5K1.1 motion, while not ideal, would not constitute a procedural error if that decision were reviewable on appeal. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007) (some arguments can be addressed in brief explanations); *United States v. Ridge*, 329 F.3d 535, 541 (6th Cir. 2003) (district court's

decision to grant or deny § 5K1.1 is usually not reviewable). However, Defendant attempted to make the additional argument that his cooperation was of such a character that his sentence should be even shorter than the government had recommended. That argument, addressing the § 3553(a) factors, is what the district court completely ignored and failed to address in both the first and second sentencing hearings. It is indefensible for the majority to affirm a sentence where the district court entirely failed to address the Defendant's primary argument in favor of a lower sentence.

The district court's failure to address whether Defendant's cooperation should result in a lower sentence than the government recommended in its § 5K1.1 motion was plain error. To demonstrate plain error, a defendant must show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner,* 516 F.3d at 386 (internal quotations omitted). This Circuit's precedent is clear that "our case law and the Federal Rules of Criminal Procedure indicate that, as a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute." *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009). Defendant had a substantive right to have the sentencing judge address each of his nonfrivolous arguments explicitly on the record. The majority's apparent conclusion to the contrary is unsupported by the law of this Circuit and is premised on a complete misreading of the record before this Court.

The procedural error in this case implicates Defendant's substantial right to meaningful appellate review because the requirement that the district court explain its sentence in § 3553(c), "facilitates such a review by requiring the district court to state its specific reasons for imposing a particular sentence." *United States v. Blackie*, 548 F.3d 395, 402 (6th Cir. 2008); *see also United*

*States v. Lewis*, 424 F.3d 239, 247 (2d. Cir. 2005) (holding that "Section 3553(c) bestows on defendants the right to argue more effectively that . . . a sentence is 'reasonable.' This right seems to us clearly to be 'substantial.'"); *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) ("failure to provide a statement of reasons as required by § 3553(c) is plain error, 'even when the length of the resulting sentence would otherwise be reasonable'"). The clear precedent in this Circuit requiring sentencing judges to explicitly respond on the record to all nonfrivolous arguments raised by the Defendant, which unequivocally implicates a substantial right, demands the conclusion that this sentence be vacated due to the sentencing judge's failure to address Defendant's argument for a variance based on his cooperation.

Because this sentence is procedurally unreasonable, even on plain error review, I respectfully dissent.