SILER, Circuit Judge.
James C. Malloy was initially sentenced to serve 150 months’ imprisonment on his conviction for being a felon in possession of a firearm, but we reversed his sentence and remanded his case for re-sentencing, because the district court’s application of the Armed Career Criminal Act (“ACCA”) to Malloy was erroneous. On remand, the district court downwardly departed from the Sentencing Guidelines to sentence Mal-loy to 88 months’ imprisonment. Malloy now challenges both the procedural and substantive reasonableness of that sentence. We AFFIRM.
FACTUAL AND PROCEDURAL BACKGROUND
Pursuant to a plea agreement, Malloy pled guilty to being a felon in possession of a firearm on one count of a five-count indictment in 2007. The plea agreement *699 included an “agreed” Guideline range of 180-210 months, but left open the issue of whether Malloy should be sentenced to a mandatory minimum of 15 years pursuant to the ACCA, 18 U.S.C. § 924(e). The Presentence Report (“PSR”) calculated Malloy’s offense level to be 26. The PSR increased this offense level to 80 based on the operation of the ACCA.
Malloy urged the district court at sentencing that his prior state court convictions were not violent felonies which subjected him to the ACCA. The district court rejected this argument, determined Malloy’s Sentencing Guideline range to be 180 to 210 months, and sentenced him to 150 months’ imprisonment, which was below his Guideline range, based on his substantial assistance to the government as stated in the government’s § 5K1.1 motion. We reversed the district court’s judgment and remanded for re-sentencing.
On re-sentencing, Malloy argued that a sentencing variance was warranted based on Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), which allows courts to consider whether Guidelines provisions fail to properly reflect § 3553(a) considerations or reflect unsound judgment, id. at 351, 127 S.Ct. 2456 and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which allows a district court to refuse to apply any Guideline which it determines lacks a sound rationale, id. at 109-10, 128 S.Ct. 558. Specifically, Malloy argued that the two firearms enhancements he was subjected to — based on the involvement of three to seven stolen firearms — were not based on empirical evidence and should not be applied to him. The district court rejected this argument. The district court also rejected Malloy’s renewed argument regarding the need to avoid sentence disparity between him and a codefendant. Finally, Malloy urged the district court to consider the extent of his cooperation with the government, which the district court considered by granting him a 20% downward departure from the otherwise applicable Guideline range. The district court calculated Malloy’s Guideline range to be 110 to 120 months, granted the 20% departure, reducing the range to 88 to 96 months, and sentenced Malloy at the low-end of that range — 88 months’ incarceration to run concurrently with the state sentence Malloy was serving at the time. Malloy now appeals this second sentence.
DISCUSSION
We review the district court’s sentence for reasonableness. Gall v. United States, 552 U.S. 38, 46-50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see United States v. Collington, 461 F.3d 805, 808 (6th Cir.2006). Malloy challenges both the procedural and substantive reasonableness of his sentence.

I. Procedural Reasonableness

Malloy argues that the sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing the particular sentence and failed to expressly address Malloy’s level of cooperation with the government when imposing the sentence. For a sentence to be procedurally reasonable the district court must properly calculate the applicable Guidelines range and consider all of the factors listed in 18 U.S.C. § 3553(a); then it must adequately explain the chosen sentence to allow for meaningful appellate review. Gall, 552 U.S. at 49-50, 128 S.Ct. 586. Because Malloy did not object on these bases at the district court level when specifically asked if he had any objections, our review is for plain error only. United States v. Vonner, 516 F.3d 382, 391 (6th Cir.2008).
First, the district court gave reasons for Malloy’s sentence. While the dis *700 trict court’s explanation was brief, even brief sentencing explanations can be sufficient. See Rita, 551 U.S. at 345-47, 127 S.Ct. 2456. Furthermore, “[t]he appropriateness of brevity or length, conciseness or detail ... depends upon the circumstances.” Id. at 356, 127 S.Ct. 2456. In these circumstances the district court’s explanation of its sentence was sufficient. It indicated that it considered Malloy’s arguments, and Malloy did not object to its explanation at the time. In addition, the same district court sentenced Malloy both times, meaning that it considered the § 3553(a) factors twice in Malloy’s case. While our reversal of the initial sentence impacted the Guideline range and sentences available, it did not change the nature or characteristics of the offense or offender, nor did it change the need for the sentence to reflect the basic aims of sentencing, the Sentencing Commission’s policy statements, or the need for restitution. See 18 U.S.C. § 3553(a); Rita, 551 U.S. at 347-48, 127 S.Ct. 2456. Furthermore, the district court considered Mal-loy’s arguments regarding unwarranted sentence disparities at each sentencing. It also considered Malloy’s parole determination, which occurred after the initial sentencing, and sentenced Malloy to serve a term of imprisonment concurrently with, not consecutively to, the time he serves for his parole violation.
The district court also considered Mal-loy’s cooperation and explained that the 20% departure was appropriate. We do not ordinarily have jurisdiction to evaluate the appropriateness of a § 5K1.1 departure. United States v. Ridge, 329 F.3d 535, 541 (6th Cir.2003). “Whether and to what extent to grant a section 5K1.1 motion rests within the discretion of the sen-fencing court.” United States v. Rosenbaum, 585 F.3d 259, 264 (6th Cir.2009). The district court relied on the prosecution’s recommendation when reducing Mal-loy’s sentencing range by 20%, and this reliance was appropriate because the prosecution was in the best position to determine the significance of Malloy’s assistance. Regardless of whether the district court expressly stated its consideration of Malloy’s cooperation, it clearly reflected the cooperation in granting the § 5K1.1 motion, and its failure to state this expressly was not plain error.[1] Accordingly, under the unique circumstances of this case, we conclude that, on review for plain error, Malloy’s sentence was proeedurally reasonable. We encourage the district court to provide fuller explanations in the future, so that the parties and any reviewing court will understand the district court’s rationale regarding disputed aspects of the sentence.

II. Substantive Reasonableness

Similarly, Malloy’s sentence was substantively reasonable. We review the substantive reasonableness of the sentence to determine whether it was an abuse of discretion. Gall, 552 U.S. at 49-50, 128 S.Ct. 586. A sentence within a properly calculated advisory Guideline range is entitled to a rebuttable presumption of reasonableness on review, United States v. Sexton, 512 F.3d 326, 332 (6th Cir.2008), and the burden is on the defendant to demonstrate that the sentence is unreasonable, United States v. Crowell, 493 F.3d 744, 751 (6th Cir.2007). A sentence may be substantively unreasonable if the district court “select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) fac *701 tors, or giv[es] an unreasonable amount of weight to any pertinent factor.” United States v. Webb, 403 F.3d 373, 385 (6th Cir.2005).
Malloy contends that his sentence was substantively unreasonable because the district court improperly rejected his argument that his sentence should not have been enhanced for the number of firearms he possessed and the fact that they were stolen. He urges us that these enhancements are not supported by empirical evidence, and, based on Kimbrough, we should refuse their application here.
Malloy’s argument is misguided in several ways. First, although district courts have discretion to consider whether a sentencing guideline enhancement has a sound rationale, see Kimbrough, 552 U.S. at 90, 128 S.Ct. 558, they need not refuse to apply every enhancement which does not articulate empirical evidence supporting its existence. The district court could have reasonably concluded that the enhancements were appropriate because a defendant who possesses more guns or guns that are stolen is more culpable and more deserving of punishment than a defendant who possesses fewer, legally obtained firearms. In fact, we have upheld numerous sentences which included the disputed enhancements, both before and after Kimbrough was decided. See, e.g., United States v. Wheeler, 330 F.3d 407, 414 n. 9 (6th Cir.2003); United States v. Smith, 308 Fed.Appx. 942, 943, 944 (6th Cir.2009); United States v. Bass, 320 Fed.Appx. 350, 351, 352 (6th Cir.2009); United States v. Fouse, 250 Fed.Appx 704 (6th Cir.2007). Furthermore, Malloy provides no reason why these enhancements are deficient, and although he faults the Sentencing Commission for failing to provide empirical support for its conclusion, he provides none of his own. The district court did not abuse its discretion by applying the enhancements and sentencing Mal-loy below the Guideline range.
Finally, Malloy’s sentence was reasonable when compared with that of his code-fendant. Sentencing disparities with which the Sentencing Commission and Sentencing Guidelines are concerned are national disparities among similarly situated defendants, not individual disparities between particular codefendants. United States v. Conatser, 514 F.3d 508, 521 (6th Cir.2008). Moreover, the district court explained why the disparity in this case was warranted: Malloy’s criminal history was greater than his codefendant’s and his assistance to the government was less substantial. In light of the district court’s reasoned judgment, we cannot conclude that Malloy’s sentence was an abuse of discretion.
AFFIRMED.

. Additionally, the district court judge sentenced Malloy to the low end of the Guideline range created after the 20% decrease. While the district court did not say this explicitly, it likely considered Malloy's cooperation when crafting the particular sentence within the range.