**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4324**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY B. STYWALL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:07-cr-00114-LHT-1)

Submitted: March 11, 2010      Decided: April 12, 2010

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry B. Stywall appeals his conviction and sentence imposed after he pled guilty without the benefit of a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Stywall's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious arguments for appeal. Stywall was notified of the opportunity to file a pro se supplemental brief, but did not do so. The Government chose not to file a brief.

We have reviewed the record and find no meritorious issues. A review of the guilty plea hearing shows that the magistrate judge complied with Rule 11 of the Federal Rules of Criminal Procedure and that Stywall's guilty plea was knowing and voluntary. Counsel's objection concerning double-counting in determining the base offense level was without merit. See United States v. Wheeler, 330 F.3d 407, 413-14 (6th Cir. 2003); United States v. Alessandroni, 982 F.2d 419, 420-21 (10th Cir. 1992). We have reviewed Stywall's within-Guidelines sentence for abuse of discretion and have found it to be reasonable. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence, the appellate court must first ensure that the district court committed no procedural error, such as failing to calculate or improperly calculating the Guidelines range,

2

treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range. Gall, 552 U.S. at 49-50. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. We have found no error with the court's findings regarding Stywall's total offense level or criminal history category. We further note the court was aware the Guidelines were advisory and that it considered the sentencing factors under 18 U.S.C. § 3553(a) (2006). We further find the court's sentence at the low end of the advisory Guidelines range was consistent with defense counsel's argument at the close of sentencing.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED