NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0252n.06

Nos. 13-3016; 13-3174

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BRANDON JONES and JASMINE WATKINS, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |

**FILED**
Apr 01, 2014
DEBORAH S. HUNT, Clerk

Before: BOGGS and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

KETHLEDGE, Circuit Judge. Brandon Jones and Jasmine Watkins were members of an extensive drug-distribution ring. Both pled guilty to conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841. Watkins also pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. The district court sentenced Jones to 120 months' imprisonment and Watkins to a mandatory minimum of 240 months' imprisonment. Both defendants now appeal their sentences. We affirm.

I.

Jones had two prior drug-trafficking convictions—within a 13-month period shortly after he turned 18—so Jones's presentence report designated him as a career offender under Guideline § 4B1.1. This designation resulted in an offense level of 31 and a criminal-history category of

---

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

VI.  At sentencing, Jones argued that he was not a career offender and that, if the court found him to be a career offender, it should depart downward under Guideline § 4A1.3.  That section applies if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]"  U.S.S.G. § 4A1.3(b)(1), (3)(A).  Jones argued that both of these grounds applied— that his Guidelines range overstated the seriousness of his criminal history and his risk of recidivism—because he had committed all of his prior offenses within a short period after he turned 18.  The district court found that Jones was a career offender, and that a departure under § 4A1.3 was unwarranted.  But it determined that Jones was entitled to a downward variance under § 3553(a) "because of [the] three convictions in the 13-month time frame and everything else that's gone on in the case."  The court then lowered Jones's offense level from 31 to 26, which reduced his Guidelines range from 188–235 months to 120–150 months.  The court sentenced Jones to the bottom of the revised range, 120 months.

On appeal, Jones does not dispute that he is a career offender.  Instead, he argues that his sentence was procedurally unreasonable because, he says, the district court thought it could not depart under § 4A1.3 and thus treated his criminal-history category as mandatory rather than discretionary.

We review the procedural reasonableness of a sentence for an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court abuses its discretion when, among other things, it treats the Guidelines as mandatory.  *Id.*

Here, the district court answered both of Jones's arguments at sentencing.  First, the court rejected Jones's argument that the career-offender enhancement overstated his likelihood of recidivism when the court said "[y]ou can hardly say it overstates [the likelihood] in this case

because that's what [Jones is] here for." Second, the court addressed Jones's concerns about the seriousness of his criminal history when it varied downward and reduced his Guidelines range by more than five years. That the court reduced Jones's range by means of a variance to a lower offense level, rather than by a reduction of his criminal-history category, does not mean the court thought its hands were tied by Jones's career-offender designation. Rather, it shows the opposite, since Jones's original offense level, like his criminal-history category, was driven by his career-offender designation.

Jones responds that the district court's explanation of its sentence shows that it believed Jones's career-offender designation was mandatory. Specifically, the court told Jones that he was "a career offender because [probation's] calculation [of Jones's criminal history] is correct." The court also said that "I can't say that you're not a career offender because you are. I mean I would have to ignore the law. I can't violate my oath on that. But I can use my discretion to fashion a sentence" that takes into account "your involvement along with your background." Jones infers from these remarks that the district court regarded Jones's criminal-history category as immovable. Read in the context of the transcript as a whole, however, this statement merely refers to the first step of Jones's sentencing process—the calculation of his Guidelines range as the "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). And in that first step the court was indeed bound to calculate Jones's range based upon his status as a career offender. Thus, the district court did not commit procedural error in calculating Jones's Guideline range.

Jones also challenges the substantive reasonableness of his sentence on the grounds that the district court gave too much weight to his prior criminal offenses and too little weight to his

very difficult childhood. We review the substantive reasonableness of Jones's sentence for an abuse of discretion. *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013).

Here, the record shows that the district court considered both the presentence report and Jones's presentence memorandum (both of which described Jones's childhood), and allowed Jones's counsel to explain how Jones's difficult childhood affected his behavior. The court then noted that it was taking Jones's "background" and the timing of his prior offenses into account when varying downward. Thus, the district court considered Jones's background and criminal history, and selected a sentence without giving undue weight to any factor. *See, e.g.*, *Shaw*, 707 F.3d at 674. Jones's sentence is substantively reasonable.

II.

Watkins challenges the procedural reasonableness of his sentence. He argues that the district court mistakenly added two points to his criminal-history score—increasing it from 13 to 15 points—under Guideline § 4A1.1(d). That section applies "if the defendant committed the instant offense while under any criminal justice sentence[.]" U.S.S.G. § 4A1.1(d). The district court found that this section applied because Watkins had entered the conspiracy no later than June 2010, while he was under post-release control for a prior conviction. Watkins contends that the two-point increase was inappropriate, however, because the overt acts listed in the indictment (as opposed to his agreement to enter the conspiracy itself) all occurred after his post-release control had ended.

Watkins overlooks that his initial entry into the conspiracy is "relevant conduct" sufficient to trigger the application of § 4A1.1. *See* U.S.S.G. § 4A1.1, cmt. n.4 (2013). And Watkins admitted in his plea agreement that he entered the conspiracy while under post-release control. His argument is meritless.

\* \* \*

The district court's judgments are affirmed.