NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0669n.06

No. 16-2754

**FILED**
Dec 01, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CENON GARCIA-RODRIGUEZ, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    BOGGS, BATCHELDER, and BUSH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**

Defendant-Appellant Cenon Garcia-Rodriguez appeals his sentence for conspiracy to possess and distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A)(ii), and (b)(1)(C). He argues that the district court improperly calculated his criminal history category as II by assessing two criminal history points for "committ[ing] the instant offense" while on probation, *see* USSG § 4A1.1(d), and one criminal history point for a "prior sentence," *see* USSG §§ 4A1.1(c) and 4A1.2(e)(2). The district court properly assessed all three criminal history points, and we affirm Garcia-Rodriguez's sentence.

**I.**

Garcia-Rodriguez has a history of engaging in drug-distribution schemes. In 2009, he pleaded guilty in Michigan state court to marijuana distribution. The state court sentenced him

to five years of probation, which ran through March 5, 2014. In 2012, while on probation, Garcia-Rodriguez initiated the instant conspiracy to sell cocaine and heroin.

As they had with his scheme to distribute marijuana, the police eventually caught him. He pleaded guilty by plea agreement to one count of conspiracy to distribute cocaine and heroin from January 2012 to February 2016. The plea agreement stipulated to a number of facts, including that he had been involved in a marijuana distribution scheme prior to the instant conspiracy and that during 2012 many of the players involved in the marijuana scheme had also sold cocaine and heroin with him.

At sentencing, the district court assessed Garcia-Rodriguez three criminal history points—two points for committing the instant offense while on probation for the 2009 conviction for marijuana distribution and one point for the prior sentence itself—placing him in criminal history category II. Garcia-Rodriguez objected, arguing that the court should not assess any criminal history points. The district court overruled his objection and sentenced Garcia-Rodriguez to 151 months in prison, the top of the applicable Guidelines range.[1]

On appeal, Garcia-Rodriguez asserts that the district court imposed a procedurally unreasonable sentence by assessing three criminal history points and thus applying an improper Guidelines range based on his being in criminal history category II. The district court did not err, and we affirm Garcia-Rodriguez's sentence.

**II.**

A court abuses its discretion and imposes a procedurally unreasonable sentence if it fails to calculate the Guidelines range properly. *See United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). We review a district court's legal conclusions regarding the application of the

---

[1] Based on a criminal history category II and a total offense level of 35, the court found Garcia-Rodriguez's Guidelines range to be 188 to 235 months. The court applied a four-level reduction under USSG § 5K1.1, reducing Garcia-Rodriguez's range to 121 to 151 months.

Guidelines de novo, *United States v. Wheeler*, 330 F.3d 407, 411 (6th Cir. 2003), and a district court's application of the Guidelines to the facts of a case for clear error, *United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003).

The Guidelines direct how district courts must calculate a defendant's criminal history. District courts add two criminal history points to a defendant's criminal history calculation "if the defendant committed the instant offense while under any criminal justice sentence, including probation." USSG § 4A1.1(d). District courts also assess one criminal history point for each eligible "prior sentence." USSG § 4A1.1(c). A defendant with one or no criminal history points is assigned a criminal history category of I, while a defendant with two or three criminal history points is assigned a criminal history category of II. USSG Ch. 5 Pt. A. (sentencing table).

Garcia-Rodriguez argues that the district court erred when it assessed him three criminal history points, making his criminal history category II instead of I. He asserts that the marijuana distribution for which he was convicted in 2009 and the instant conspiracy to sell cocaine and heroin were parts of one unified and ongoing conspiracy to sell drugs. He argues that the district court should have considered the prior conviction as "relevant conduct" to the instant offense, which would not have resulted in the addition of any criminal history points to his criminal history calculation. *See* USSG § 4A1.2, cmt. n.1; USSG § 1B1.3(a)(1). Therefore, he asserts that the district court erred by assessing him criminal history points for "committ[ing] the instant offense while under a[] criminal justice sentence" and for having a "prior sentence."

These arguments fail. Garcia-Rodriguez's argument that the district court erred by considering his prior marijuana distribution conviction a "prior sentence" instead of relevant conduct to the instant offense is meritless, because the Guidelines define a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, . . . for conduct not part of the

instant offense." USSG § 4A1.2(a)(1). The Guidelines do not define "conduct not part of the instant offense," but we have explained that the "'appropriate inquiry' [examines] whether the 'prior sentence' and the present offense involve conduct that is severable into two distinct offenses." *United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir. 1992).[2]

The district court did not err, let alone commit clear error, by determining that Garcia-Rodriguez's 2009 conviction for marijuana distribution was a distinct and separate offense from the conspiracy to distribute cocaine and heroin. The Application Notes for USSG § 1B1.3 make this clear when considering a hypothetical that is nearly identical to the present case:

> The defendant was convicted for the sale of cocaine and sentenced to state prison. Immediately upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi. The instant federal offense (the offense of conviction) charges this latter sale. In this example, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction. The prior state prison sentence is counted under Chapter Four (Criminal History and Criminal Livelihood).

USSG § 1B1.3, cmt. 5(C). Here, Garcia-Rodriguez was convicted in state court for the delivery of marijuana, was sentence for his crime (five years of probation), and then at some later point became involved in the instant offense. Though the prior marijuana sales and the instant conspiracy involved some overlap in the individuals involved, that consideration is irrelevant given that the activity in question occurred several years after his 2009 conviction. We find no error in the district court's conclusion.

Garcia-Rodriguez's assertion that his probation sentence should not trigger the two criminal history point addition is equally meritless. Application note 4 to USSG § 4A1.1(d)

---

[2] The government failed to brief the appropriate inquiry, relying on *United States v. Irons*, 196 F.3d 634 (6th Cir. 1999), which is inapposite to this case. The inquiry in *Irons* was whether the defendant's prior sentences were "related" within the meaning of § 4A1.2(a)(2). That inquiry, which examines the relationship between two prior sentences, "is a different inquiry from whether a prior sentence was imposed 'for conduct not part of the instant offense' within the meaning of section 4A1.2(a)(1)." *United States v. Yerena-Magana*, 478 F.3d 683, 687 (6th Cir. 2007).

instructs a district court to add two criminal history points "if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation." Since Garcia-Rodriguez concedes that he was on probation when he engaged in the instant conspiracy, the two point increase unquestionably applies. *See, e.g.*, *United States v. Jones*, 551 F. App'x 268, 270-71 (6th Cir. 2014) (affirming two point increase where a defendant conceded that he entered into a conspiracy while under post-release control). The district court did not err.

## III.

We AFFIRM the judgment of the district court.