**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eulalio MADRIGAL–RODRIGUEZ,**
**Defendant—Appellant.**

No. 02–30001.
D.C. No. CR–99–30006–MRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Jan. 16, 2003.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

■ 1. Although the delay between defendant's indictment and arraignment triggers Sixth Amendment scrutiny, his right to a speedy trial was not violated: The delay was not exceptionally long; it did not affect the fairness of defendant's prosecution; defendant was already incarcerated as a result of his state sentence; and he didn't miss the chance for a concurrent sentence because he wouldn't have gotten one anyway, *see* U.S. Sentencing Guidelines Manual § 5G1.3, cmt. n. 6. *See Doggett v. United States*, 505 U.S. 647, 657, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

■ 2. Defense counsel's request for a continuance, which saved the government from violating the Speedy Trial Act or the Interstate Agreement on Detainers Act, was not objectively unreasonable under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because we can think of a strategic reason, consistent with the current record, as to why counsel might have made the request: Moving to dismiss could have jeopardized the "fast track" plea offer, which the government might have removed from the table, had defendant been re-indicted after a possible dismissal without prejudice, *see* 18 U.S.C.App. 2, § 9. We can't say that such a strategic decision–opting for a guaranteed lower sentence rather than a chance at dismissal with prejudice–falls "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

We do not, however, decide whether defense counsel would have been ineffective had his decision not been strategic, but rather the result of a failure to recognize that a choice even existed. We leave this question to collateral review, where the record can be developed to determine whether counsel knew dismissal was an option, whether the plea, in fact, would have been jeopardized and, in turn, why counsel proceeded as he did. *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000); *United States v. Palomba,* 31 F.3d 1456 (9th Cir.1994).

3. The plain language of U.S. Sentencing Guidelines Manual § 4A1.2(k)(1) directs courts to "add the original term of imprisonment to any term of imprisonment imposed upon [probation] revocation," and to use that total when computing criminal history points under section 4A1.1(a). That's exactly what the district court (correctly) did.

■ Even assuming the probation revocation was triggered by the same conduct that constitutes the current offense, the above calculation only adjusts the time served (for purposes of section 4A1.1(a)) for defendant's *original* conviction–which had nothing to do with acts underlying the new charge, and thus has nothing to do with section 4A1.2(a)(1)'s limitation on counting "conduct . . . part of the instant offense."

**AFFIRMED.**

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.