FILED
United States Court of Appeals
Tenth Circuit

February 11, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

RAPHAEL DOZIER,

　　Defendant - Appellant.

No. 08-4086

---

Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:07-CR-00860-DAK-1)

---

Submitted on the briefs:

Steven B. Killpack, Federal Public Defender, and Scott Keith Wilson, Assistant Federal Public Defender, Salt Lake City, Utah, for Defendant-Appellant.

Brett L. Tolman, United States Attorney, District of Utah, and Elizabethanne C. Stevens, Assistant United States Attorney, for Plaintiff-Appellee.

---

Before **O'BRIEN, McKAY** and **GORSUCH**, Circuit Judges.[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument. Dozier did not request oral argument "in order to avoid any delay attributable to scheduling oral argument." (Appellant's Opening Br. at 9.) Dozier is scheduled to be released from custody in May 2009.

**O'BRIEN**, Circuit Judge.

Raphael Dozier was sentenced to 18 months imprisonment after pleading guilty to possession of a firearm by a convicted felon. He contends the district court erred by including in his criminal history computation the period of incarceration imposed by a state court upon revocation of a suspended sentence when the revocation resulted from the same conduct that is the basis of the instant offense. We affirm.

## I. BACKGROUND

On July 23, 2007, the Salt Lake City Police Department sent a confidential source (CS) to Dozier's residence for the purpose of purchasing illegal narcotics. Dozier invited the CS into his home. The CS told Dozier he had $60 to purchase methamphetamine and gave the money to Dozier. Dozier asked his girlfriend to "go get me that thing I got today" and she returned with a revolver. (R. Vol. II, Doc. 24 at 3.) Dozier pointed the weapon at the CS and told him to leave. The CS grabbed his money from Dozier and left. Upon arriving at Dozier's residence, police officers located a loaded revolver in a bedroom. Dozier stated the gun belonged to his girlfriend but admitted he had handled it and his fingerprints would be on it. He also admitted he had used methamphetamine earlier in the day.

-2-

On November 28, 2007, Dozier was indicted with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office prepared a presentence report (PSR) which determined the total offense level to be 12 after applying a two-level downward adjustment for acceptance of responsibility. *See* USSG §§2K2.1(a)(6), 3E1.1.[1] The PSR concluded Dozier had seven criminal history points: one point for a 1998 conviction for possession of a controlled substance, three points for a 2006 conviction for possession of a controlled substance (the Controlled Substance Conviction), one point for a 2006 conviction for theft, and two points because he was on probation for the Controlled Substance Conviction when he committed the instant offense. *See* USSG §4A1.1(d). Dozier's criminal history placed him in Criminal History Category IV, resulting in an advisory guideline range of 21 to 27 months imprisonment.

In determining three criminal history points were warranted for the Controlled Substance Conviction, the PSR followed USSG §4A1.2(k)(1) which instructs: "In the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for USSG §4A1.1(a), (b), or (c), as applicable." Dozier was originally sentenced to 0 to 5 years for the

---

[1] All references to the United States Sentencing Guidelines are to the 2007 version.

Controlled Substance Conviction, but the sentence was suspended and Dozier was placed on probation for 36 months after serving 20 days in jail. On August 24, 2007, the state court revoked Dozier's probation for the Controlled Substance Conviction because he failed to comply with the terms of probation and imposed the original sentence of 0 to 5 years.

USSG §4A1.1 provides in pertinent part:

(a)  Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b)  Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c)  Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

Consistent with USSG §4A1.2(k)(1), the PSR used 5 years and 20 days as the total incarceration time for purposes of calculating the criminal history points to be afforded to the Controlled Substance Conviction.[2] Consequently, it assigned three criminal history points to the Controlled Substance Conviction under USSG §4A1.1(a) because the sentence exceeded one year and one month.[3]

Dozier objected to the assessment of three criminal history points for the

---

[2] The term "sentence of imprisonment" "refers to the maximum sentence imposed." USSG §4A1.2(b)(1). Thus, an indeterminate 0 to 5 year sentence is considered a 5-year sentence. *See id.*, comment. (n.2); *see also United States v. Chavez-Diaz*, 444 F.3d 1223, 1226-27 (10th Cir. 2006).

[3] The PSR did not specifically set forth this calculation but we presume this was the approach it followed.

Controlled Substance Conviction, arguing he should have received only one criminal history point. He would have received only one criminal history point if the original sentence was calculated as either a 20-day sentence of imprisonment, *see* USSG §4A1.1(c),[4] or a sentence of 36 months probation, *see* USSG §4A1.2 comment. (n.2). The two-point difference is significant. Had Dozier received five instead of seven total criminal history points, he would have been in Criminal History Category III instead of IV and his advisory guideline range would have been 15 to 21 months instead of 21 to 27 months.

The court overruled Dozier's objection and adopted the PSR's calculation of Dozier's criminal history, resulting in a guideline range of 21 to 27 months. It sentenced Dozier to 18 months. The reduction came from granting a three-month credit (over the government's objection) for the five months Dozier served in state custody for violating his probation. Dozier appeals, asserting the court erred in overruling his objection.[5]

## II. DISCUSSION

Dozier contends the district court erred in holding the sentence imposed following the revocation of his probation on the Controlled Substance Conviction

---

[4] The guidelines instruct that for purposes of calculating criminal history points under §4A1.1, "[i]f part of a sentence of imprisonment was suspended, [the term] 'sentence of imprisonment' refers only to the portion that was not suspended." USSG §4A1.2(b)(2).

[5] The government has not appealed from the gratuitous reduction.

was a "prior sentence" within the meaning of USSG §4A1.1, which is defined as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." USSG §4A1.2(a)(1). He argues the conduct resulting in the revocation of his probation is the same conduct that forms the basis of the instant offense; it is thus "part of the instant offense" and by definition cannot be a "prior sentence."[6] This is a question of law, which we review de novo. *See United States v. Munoz-Tello*, 531 F.3d 1174, 1181 (10th Cir. 2008) ("When evaluating the district court's interpretation and application of the Sentencing Guidelines, we review legal questions de novo and factual findings for clear error . . . .").

"Generally speaking, we interpret the Sentencing Guidelines according to accepted rules of statutory construction." *United States v. Cornelio-Pena*, 435 F.3d 1279, 1282 (10th Cir. 2006) (quotations omitted). "As with all statutory interpretation, we begin our analysis with the language of [the guideline at issue], giving the words used their ordinary meaning." *United States v. Plotts*, 347 F.3d 873, 876 (10th Cir. 2003) (quotations omitted). This process is straightforward.

---

[6] The government points out that the record does not indicate the specific conduct that led to the revocation of Dozier's probation on the Controlled Substance Conviction. Indeed, the PSR indicates only that Dozier's probation was revoked because "he failed to obey all laws and, therefore, failed to comply with the State Court's order." (R. Vol. II, Doc. 24 at Addendum.) The government appears to be raising a factual issue. Because it did not raise this issue with the district court, we will not consider it here and will assume Dozier's probation was revoked based on the same conduct underlying the instant offense.

-6-

We begin with USSG §4A1.2(k)(1) because this guideline specifically addresses the calculation of criminal history points for a sentence arising from a revocation of probation. This guideline plainly and simply instructs the sentencing court to "add the original term of imprisonment to any term of imprisonment imposed upon revocation." USSG §4A1.2(k)(1). This is exactly what the district court did, resulting in the addition of three criminal history points under USSG §4A1.1(a).

Dozier's argument focuses on USSG §4A1.2(a)(1), which he believes excludes the sentence imposed following the revocation of his probation from the definition of "prior sentence."[7] His argument ignores the relation-back aspect of the law-incarceration resulting from a probation revocation is punishment for the

---

[7] Dozier seems to concede, as we think he must, that the original sentence he received for the Controlled Substance Conviction-20 days imprisonment and 36 months probation-qualifies as a "prior sentence" within the meaning of the guidelines, meriting one criminal history point. *See* USSG §§4A1.1(c), 4A1.2 comment. (n.2). His argument thus treats the original sentence and the post-revocation 0 to 5 year sentence as disparate sentences. But USSG §4A1.2(k)(1) expressly provides that a sentence imposed following the revocation of probation is not to be calculated separately from the original sentence imposed but is to be combined therewith. *See* USSG §4A1.2, comment. (n.11) ("Rather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence."). This more specific guideline controls. *See NISH v. Rumsfeld*, 348 F.3d 1263, 1272 (10th Cir. 2003) ("It is a general maxim of statutory interpretation that a statute of specific intention takes precedence over one of general intention.").

original offense.[8]  It is imposed as a consequence of the defendant's breach of probation terms but is not punishment for the breach.  *See Alabama v. Shelton*, 535 U.S. 654, 662 (2002) ("A suspended sentence is a prison term imposed for the offense of conviction.  Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense."); *Johnson*, 529 U.S. at 701 ("We . . . attribute postrevocation penalties to the original conviction.").  The sentence imposed following the revocation of Dozier's probation was for the crime for which he was convicted in 2006, possession of a controlled substance, which is not part of the instant offense, possession of a firearm.

This is an issue of first impression in this Circuit, but our holding is consistent with *Wheeler v. United States*, 330 F.3d 407 (6th Cir. 2003).[9]  In

---

[8]  It is not double jeopardy when a defendant is sentenced for a criminal act and his probation in another case is revoked as a consequence of that same criminal act.  *See Johnson v. United States*, 529 U.S. 694, 700 (2000).

[9]  *See also United States v. Madrigal-Rodriguez*, 60 Fed. Appx. 5, 6 (9th Cir. 2003) (unpublished) (holding the district court correctly applied §4A1.2(k)(1) "[e]ven assuming the probation revocation was triggered by the same conduct that constitutes the current offense" because defendant's original conviction had nothing to do with the acts underlying the new charge and "thus has nothing to do with section 4A1.2(a)(1)'s limitation on counting 'conduct . . . part of the instant offense'"); *United States v. Barroso*, 972 F.2d 1343, No. 91-10553, 1992 WL 185461, at *1 (9th Cir. 1992) (unpublished) (rejecting defendant's argument that the district court should not have assessed an additional criminal history point following the revocation of his probation for the same conduct underlying the instant offense because the sentence imposed following the revocation "was based on the prior offense").

*Wheeler*, the Sixth Circuit concluded the district court properly considered the sentence imposed following the revocation of the defendant's state court community corrections sentence despite the fact the revocation resulted from the same conduct underlying the federal offense. Relying in part on *Johnson*, the court explained "the fact that Tennessee authorities revoked Defendant's community corrections sentence for the same firearms possession that led to his [federal] conviction does not, for criminal history purposes, sever the conduct from the original state sentence attributable to his [earlier state court conviction]." *Id.* at 412.

Dozier calls our attention to *United States v. Loudon*, wherein the Second Circuit held the district court did not err in departing upward under USSG §4A1.3(a)[10] after concluding a sentence imposed upon a probation revocation could not be considered for purposes of calculating defendant's criminal history because the sentence was imposed for conduct which formed the basis of the subsequent federal conviction. 385 F.3d 795, 799 (2d Cir. 2004). While this presents a possible alternative approach, the *Loudon* court was not called upon to consider whether the district court erred in failing to include the sentence imposed following the revocation of the defendant's supervised release in calculating his

---

[10] Pursuant to this guideline, a court can depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG §4A1.3(a)(1).

criminal history points. The court considered only whether the district court erred in departing upward. We do not read *Loudon* to support Dozier's arguments since it offers no analysis of the pertinent issue.

Dozier points out, correctly, that the timing of state and federal court proceedings might lead to anomalous results. Additional criminal history points will be included when, as here, the state court probation revocation precedes the federal sentencing, but not when the federal sentencing precedes the state court revocation. While it may seem somewhat arbitrary, the problem is more theoretical than real because probation revocation proceedings tend to be handled more expeditiously than federal criminal proceedings due to, inter alia, the lesser burden of proof and the absence of a jury in revocation proceedings. In any event, the possibility of anomalous results is not reason to rewrite the guidelines.[11]

Where probation is revoked based on the same conduct forming the basis of a federal offense, the imposition of the original sentence is attributable to the original act of conviction, not the act underlying the revocation. The 0 to 5 year

---

[11] The same timing problem exists in other circumstances and can work in a defendant's favor. Where, for example, a federal defendant has been convicted but not yet sentenced in state court, the state conviction is only assigned one criminal history point, even though the sentence ultimately imposed may exceed one year and one month and therefore warrant three criminal history points. *See* USSG §§4A1.1(a), 4A1.2(a)(4). On the other hand, if the state sentencing precedes federal sentencing, the defendant will receive three criminal history points for a sentence exceeding one year and one month. USSG §4A1.1(a).

sentence imposed on Dozier following the revocation of his probation was not part of the "instant offense" and the court properly considered it in determining Dozier's criminal history.

**AFFIRMED**.