# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1333

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Ryan Dean Heath, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 23, 2010
Filed: November 16, 2010

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Ryan Dean Heath entered a conditional guilty plea to producing child pornography, a violation of 18 U.S.C. § 2251(a), (e). Section 2251(e) provides a statutory range of 15 to 30 years' imprisonment. The district court[1] calculated an advisory sentencing guidelines range of 235 to 293 months' imprisonment, based on an offense level of 35 and a criminal history category of IV, and sentenced Heath at the top of the advisory guidelines range. Heath filed this appeal, arguing that his

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

conviction should be vacated because the district court determined that he would not be allowed to present a mistake-of-age defense or, failing that, that his sentence is procedurally unsound and substantively unreasonable. We affirm.

On April 21, 2007, three minor girls—C.E., age 15; K.F., age 17; and B.B., age 14—attended a party at Heath's home in Cedar Falls, Iowa. C.E. and K.F. consumed alcohol, both before arriving at the party and throughout the evening, and became intoxicated. The parties dispute whether the girls misrepresented their ages. At some point in the evening, around a bonfire outside Heath's house, C.E. and K.F. began acting provocatively. They kissed each other, and one of the girls repeatedly kissed the exposed breast of the other.

While C.E. and K.F. were kissing each other, someone at the party offered them one hundred dollars to make a video. C.E., K.F., and at least three men, including Heath, went into a bedroom in Heath's house, where Heath and one of the other men engaged in sexual conduct with C.E. and K.F. Heath initially videotaped C.E. and K.F. performing oral sex on each other and then handed the video camera to someone else while he and another man had sex with the two girls. The next day, C.E. was treated at Covenant Hospital and reported the sexual assault.

Heath was arrested and charged with one count of producing child pornography and one count of possessing child pornography. Heath initially pled not guilty, but at a change-of-plea hearing several weeks later he entered a conditional plea of guilty to the charge of producing child pornography. Heath reserved the right to withdraw the guilty plea if the district court determined that he could assert a mistake-of-age defense at trial. If the district court denied his request, Heath reserved the right to appeal the issue. After the district court refused to allow Heath to present his mistake-of-age defense, it sentenced him to 293 months' imprisonment and dismissed the remaining count on the motion of the Government.

Heath first argues that the district court erred in refusing to allow him to present a mistake-of-age defense, which he claims is required by the First Amendment, citing *New York v. Ferber*, 458 U.S. 747, 765 (1982) ("As with obscenity laws, criminal responsibility may not be imposed [for distributing child pornography] without some element of scienter on the part of the defendant."), and *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) ("[A] statute [criminalizing distribution of child pornography] completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts."). After reviewing this issue *de novo*, *see United States v. McCloud*, 590 F.3d 560, 567 (8th Cir. 2009), *cert. denied*, --- U.S. ---, 78 U.S.L.W. 3170 (U.S. Oct. 4, 2010) (No. 09-1177), we find that Heath's argument is foreclosed by our decision in *United States v. Wilson*, 565 F.3d 1059 (8th Cir. 2009), *cert. denied*, --- U.S. ---, 130 S. Ct. 1052 (2010), which relied on the distinction between those who merely distribute child pornography and those who produce it to hold that "the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of section 2251(a)." *Id.* at 1069; *see also United States v. Pliego*, 578 F.3d 938, 943-44 (8th Cir. 2009), *cert. denied*, --- U.S. ---, 130 S. Ct. 1109 (2010); *Gilmour v. Rogerson*, 117 F.3d 368, 373 (8th Cir. 1997). Since "one panel may not overrule an earlier decision by another," *Jackson v. Ault*, 452 F.3d 734, 736 (8th Cir. 2006), we reject Heath's argument that he was entitled to present a mistake-of-age defense.

Heath also challenges his sentence on both procedural and substantive grounds. Following *Gall*, we first "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). To the extent an asserted procedural error involves interpretation of the guidelines, we review the district court's construction and application of the sentencing guidelines *de novo*. *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir.), *cert. denied*, --- U.S. ---, 130 S.

-3-

Ct. 271 (2009). Second, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

Heath first challenges the district court's determination that he has a category IV criminal history. He objects to 3 of his 8 criminal history points, which were based on his 2006 assault conviction. *See* U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."). Heath was initially sentenced to 2 years' imprisonment for this offense, but the sentence was suspended and 2 years of probation were imposed. Because a "sentence of imprisonment" does not include any part of the sentence that was suspended, § 4A1.2(b)(2), this sentence would have resulted in only 1 criminal history point, *see* § 4A1.1(c). However, in April 2008, following the events which led to this prosecution and appeal, Heath's probation was revoked, and he was ordered to serve the 2-year prison sentence based on the following violations: (1) providing alcohol to a minor, (2) enticing a minor, (3) exploiting a minor, and (4) possessing a firearm as a felon. The first three violations were based on the conduct that led to this case. Heath argues that including these 3 points under § 4A1.1(a) constituted impermissible double counting because the prison sentence imposed on his revocation was based on the same conduct underlying this instant prosecution.[2]

Although § 4A1.2(k)(1) instructs that "[i]n the case of a prior revocation of probation," the court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation," and use "[t]he resulting total . . . to compute the criminal history points for § 4A1.1(a)," Heath argues that § 4A1.2(k)(1) "merely discusses . . . how to score the criminal history points and does not take into

---

[2] Since Heath's probation revocation was based in part on the firearm possession, which was not part of the conduct leading to this case, the Government argues that the probation was not revoked based on conduct relevant to the instant offense, and accordingly there was no double counting. This argument requires more assumptions than we are willing to make.

consideration the concept of double counting." He urges that "when the imposition of criminal history points is based on relevant conduct to the instant offense, . . . it [amounts] to double counting," because of § 4A1.2(a)(1), which provides that "prior sentences," for the purposes of § 4A1.1, only include sentences "imposed . . . for conduct not part of the instant offense." Heath concludes that without the 2 additional points his criminal history category should have been III, resulting in a corresponding advisory guidelines range of 210 to 262 months.

We have previously explained that "[d]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Rohwedder*, 243 F.3d 423, 426-27 (8th Cir. 2001) (quoting *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997)). Neither party cites any case from this circuit addressing the specific issue raised by Heath, and we are aware of none. The Government, however, relies on cases from three of our sister circuits, all of which conclude that assessing criminal history points for a prison sentence arising from the revocation of probation and imposition of a term of imprisonment based on the instant offense conduct is permissible. *See United States v. Dozier*, 555 F.3d 1136, 1141 (10th Cir. 2009); *United States v. Wheeler*, 330 F.3d 407, 412-13 (6th Cir. 2003); *United States v. Franklin*, 148 F.3d 451, 461-62 (5th Cir. 1998); *accord United States v. Madrigal-Rodriguez*, 60 F. App'x 5, 6 (9th Cir. 2003) (unpublished).

In *Dozier*, for example, the Tenth Circuit rejected a claim that § 4A1.2(a)(1) bars assigning criminal history points for a sentence imposed following the revocation of probation based on the offense conduct, holding that this argument "ignores the relation-back aspect of the law—incarceration resulting from a probation revocation is punishment for the original offense. It is imposed as a consequence of the defendant's breach of probation terms but is not punishment for the breach." *Dozier*, 555 F.3d at 1140; *see also Wheeler*, 330 F.3d at 412; *Franklin*, 148 F.3d at

462 n.48. The analysis used by these circuits is supported by the Supreme Court's holding, in other contexts, that "[a] suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense." *Alabama v. Shelton*, 535 U.S. 654, 662 (2002); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000). Therefore, although Heath's instant offense conduct played a part in the revocation of his probation, his post-revocation sentence was imposed as punishment solely for the 2006 assault conviction, which is not "a kind of harm that has already been fully accounted for" in calculating his offense level. *See Rohwedder*, 243 F.3d at 426-27. Accordingly, considering the post-revocation sentence in calculating Heath's criminal history category does not constitute double counting.

Finally, Heath argues that the district court abused its discretion by refusing to impose a sentence below the initially-calculated guidelines range. He argues that a sentence below the guidelines range was warranted because the victims' conduct contributed to the offense, pointing to C.E. and K.F.'s illegal consumption of alcohol and provocative actions. He also argues that his criminal history was overstated, based in part on the same double-counting argument discussed earlier. Heath raised both arguments at sentencing, but the district court rejected them and sentenced Heath at the top of the advisory guidelines range.

It is unclear whether Heath's challenge is based on the trial court's refusal to depart based on U.S.S.G. § 5K2.10 (victim's conduct) and § 4A1.3(b)(1) (over-representative criminal history), or the trial court's refusal to vary based on the 18 U.S.C. § 3553(a) factors. To the extent Heath challenges the district court's refusal to depart, his challenge fails because, even though the guidelines are now advisory, "[w]e will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." *United States v. Johnson*, 517 F.3d 1020,

1023 (8th Cir. 2008). Heath has not argued that the district court had an unconstitutional motive, and the sentencing transcript shows that the court was aware of its authority to depart.

To the extent that Heath argues that his sentence is substantively unreasonable because the court refused to vary from the advisory guidelines range, his challenge still fails to persuade. Where, as here, the sentence is within the correctly-calculated guidelines range, "we accord it a presumption of reasonableness." *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007). The district court determined that "a sentence of 293 months is the appropriate disposition after analyzing carefully everything I know about this case and applying the statutory factors at [18 U.S.C. §] 3553(a)." Based on the facts of this case—sexual exploitation of two intoxicated, underage girls—and all of the § 3553(a) factors, we conclude that Heath's within-the-guidelines sentence of 293 months' imprisonment is not substantively unreasonable.

Accordingly, we affirm Heath's conviction and sentence.
_____