# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1022

_____

United States of America

*Plaintiff - Appellee*

v.

Kyla Nicole Forbes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: June 9, 2014
Filed: June 26, 2014
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kyla Nicole Forbes pleaded guilty to conspiring to distribute methamphetamine and to launder money in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and 18

U.S.C. § 1956(h). She appeals her 75-month prison sentence, arguing the district court[1] committed three sentencing errors. We affirm.

First, Forbes argues the district court erred in assessing one criminal history point for a 2005 Iowa state court conviction for theft in the third degree because the state court imposed a deferred judgment that was later expunged when she successfully discharged the term of probation. See Iowa Code § 907.3(1). However, we expressly rejected this same argument in United States v. Townsend, 408 F.3d 1020, 1023-25 (8th Cir. 2005). Forbes urges us "to reconsider and overrule Townsend," but as a panel we may not do so.

Second, Forbes argues the district court erred in failing to grant a downward departure because Forbes's criminal history category under the advisory Guidelines "substantially over-represents the seriousness of [her] criminal history." U.S.S.G. § 4A1.3(b)(1). At sentencing, the district court stated: "certainly I'm aware I can depart based upon that ground . . . . In this particular case, I decline to depart." Absent a showing of unconstitutional motive, a district court's refusal to grant a downward departure is not reviewable on appeal when "the sentencing transcript shows that the court was aware of its authority to depart." United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010), cert. denied, 131 S. Ct. 2164 (2011).

Third, Forbes argues the district court erred in failing to grant a downward variance from an advisory guidelines sentencing range based upon methamphetamine guidelines that were the result of congressional mandates, rather than Sentencing Commission empirical data, and are excessive. We have repeatedly held that, while a district court *may* vary categorically from a particular guideline based on a policy disagreement, it is not required to do so, and "our appellate role is limited to

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

determining the substantive reasonableness of a specific sentence." <u>United States v. Talamantes</u>, 620 F.3d 901, 902 (8th Cir. 2010) (quotation omitted).  The sentence imposed on Forbes was not substantively unreasonable.

The judgment of the district court is affirmed.

_____