# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3661

_____

United States of America

*Plaintiff - Appellee*

v.

Don A. Schroers

*Defendant - Appellant*

_____

No. 16-3664

_____

United States of America

*Plaintiff - Appellee*

v.

Don A. Schroers

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 7, 2017
Filed: June 19, 2017
[Unpublished]

_____

Before WOLLMAN and LOKEN, Circuit Judges, and NELSON, District Judge.[1]
_____

PER CURIAM.

In separate indictments, Don A. Schroers was charged with being a felon in possession of one or more firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and with conspiracy to possess with intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. Schroers pleaded guilty to both counts. The district court[2] held a single sentencing hearing, during which it imposed a 120-month sentence on the firearms offense and a concurrent 144-month sentence on the conspiracy offense. Schroers argues that the district court erred in denying a downward departure and that it procedurally erred in imposing the statutory maximum sentence on the firearms offense. We affirm.

The United States Probation Office's presentence report (PSR) calculated Schroers's advisory sentencing range under the United States Sentencing Guidelines (Guidelines or U.S.S.G.). Because Schroers's counts of conviction were not closely related, the PSR grouped each count separately. See U.S.S.G. § 3D1.1 (procedure for determining offense level on multiple counts). Schroers's combined adjusted offense level was 36. See U.S.S.G. § 3D1.4 (procedure for determining combined offense level). The PSR recommended a 3-level reduction for acceptance of responsibility, bringing Schroers's total offense level to 33. With a criminal history category of IV,

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Schroers's advisory sentencing range was 188 to 235 months' imprisonment. The district court adopted the Guidelines calculations set forth in the PSR.

Schroers moved for a downward departure under U.S.S.G. § 4A1.3(b)(1), arguing that his criminal history category overstated the seriousness of his criminal history because it included 3 points for convictions of crimes that he had committed in 1994. Schroers was sentenced for those 1994 crimes after being sentenced for crimes that he had committed in 1995. He argued that had he been sentenced for the 1994 crimes first, he would have completed that sentence and those convictions would not have counted toward his criminal history category in the present case. Schroers also pointed out that he had committed the 1994 and 1995 crimes more than fifteen years ago and that he had not committed any violent crimes since then. The district court found that a criminal history category of IV was nonetheless appropriate, denied the downward departure, and imposed the concurrent sentences set forth above.

Schroers first argues that the district court erred in denying his motion for a downward departure. "[W]e generally will not review a district court's decision not to grant a downward departure 'unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure.'" United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (quoting United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010)); see United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005) (holding that United States v. Booker, 543 U.S. 220 (2005), did not "alter our rule that a district court's decision not to depart downward is unreviewable"). Schroers does not attribute an unconstitutional motive to the district court, nor does he argue that the court erroneously believed that it lacked authority to depart from the advisory Guidelines sentencing range. Accordingly, Schroers's challenge to the court's decision to deny a downward departure fails.

Schroers argues that the district court plainly erred when it sentenced him on the firearms offense to 120 months' imprisonment, the statutorily authorized maximum term of imprisonment. See 18 U.S.C. § 924(a)(2) (setting forth a term of imprisonment of "not more than 10 years" for violations of 18 U.S.C. § 922(g)). He argues that the district court erroneously believed that the Guidelines sentence for the firearms offense was the statutory maximum, when the commentary to U.S.S.G. § 5G1.2 instead requires that the sentence "not be greater than the statutorily authorized maximum sentence." U.S.S.G. § 5G1.2 cmt. n.3(B). Schroers essentially contends that the district court miscalculated the advisory Guidelines sentencing range and therefore committed procedural error. See Appellant's Br. 18 ("To the extent the court was relying on the language of § 5G1.1 [sic] to find that the statutory maximum was the guideline sentence . . . , and therefore imposed that sentence, this was in error."). We disagree.

The district court correctly calculated Schroers's advisory Guidelines sentencing range to be 188 to 235 months' imprisonment. It then correctly followed the procedure set forth in U.S.S.G. § 5G1.2, which instructs "the court [to] determine the total punishment and [to] impose that total punishment on each such count, except to the extent otherwise required by law." The district court determined Schroers's total punishment to be 144 months' imprisonment. It could not impose that sentence on the firearms count, however, because of the statutory 10-year maximum term of imprisonment on that count. The district court committed no error, and certainly no plain procedural error, by sentencing Schroers to the statutory maximum term of imprisonment on the firearms count. See United States v. Keatings, 787 F.3d 1197, 1202 (8th Cir. 2015) (applying plain-error review where the defendant did not raise a procedural objection during sentencing).

The judgment is affirmed.

_____