# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1876

_____

United States of America

*Plaintiff - Appellee*

v.

Metrick Lawan Jenkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 2, 2017
Filed: October 24, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Metrick Lawan Jenkins directly appeals the below-Guidelines-range sentence imposed by the district court[1] after he pleaded guilty to drug and firearm offenses.

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Jenkins's counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying a downward departure or variance based on overstatement of Jenkins's criminal history. Jenkins has filed a pro se brief that appears to raise the same arguments.

We lack authority to review the district court's denial of a downward departure under U.S.S.G. § 4A1.3(b)(1) because the district court recognized its authority to depart, and Jenkins does not contend that the court had any unconstitutional motive. See United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010) (this court generally will not review decision not to grant downward departure, unless district court had unconstitutional motive or erroneously thought it was without authority to grant departure). To the extent Jenkins argues that the sentence is substantively unreasonable, we conclude the district court did not abuse its discretion. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (under substantive reasonableness review, district court abuses its discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____