# United States Court of Appeals
## For the First Circuit

No. 17-1212

UNITED STATES OF AMERICA,

Appellee,

v.

EZEQUIEL RIVERA-BERRÍOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Selya, and Barron,
Circuit Judges.

Andrew S. Crouch for appellant.
Thomas F. Klumper, Assistant United States Attorney, Senior
Appellate Counsel, with whom Rosa Emilia Rodríguez-Vélez, United
States Attorney, and Mariana E. Bauzá-Almonte, Assistant United
States Attorney, Chief, Appellate Division, were on brief, for
appellee.

August 24, 2018

**SELYA**, **Circuit Judge**.  This appeal presents a question of first impression in this circuit:  may a sentencing court assess criminal history points for a prison sentence imposed following revocation of probation when the revocation-triggering conduct also constitutes the gravamen of the federal offense of conviction? Concluding, as we do, that the court below correctly factored the revocation sentence into the appellant's criminal history score and proceeded to fashion a substantively reasonable sentence for the offense of conviction, we affirm.

## I. BACKGROUND

Because this appeal follows in the wake of a guilty plea, we take the facts from the change-of-plea colloquy, the uncontested portions of the presentence investigation report (PSI Report), and the transcript of the sentencing hearing.  See United States v. Rentas-Muñiz, 887 F.3d 1, 2 (1st Cir. 2018); United States v. Blodgett, 872 F.3d 66, 68 (1st Cir. 2017).

In December of 2013, defendant-appellant Ezequiel Rivera-Berríos was convicted in a Puerto Rico court on one count of aggravated illegal appropriation and one count of illegal possession of a firearm.  The court sentenced him to two consecutive three-year terms of probation. We fast-forward to May of 2016, when local police officers conducted a search of the appellant's residence in Cataño, Puerto Rico.  They found a massive cache of weapons, including an AK-47-type rifle loaded with 74

- 2 -

rounds of ammunition. They also discovered a ziplock bag containing three face masks, a black ski hat, and other paraphernalia often associated with criminal activity.

A federal grand jury sitting in the district of Puerto Rico subsequently charged the appellant with being a felon in possession of firearms and ammunition. See 18 U.S.C. § 922(g)(1). After initially maintaining his innocence, the appellant pleaded guilty on September 27, 2016. About five weeks later — subsequent to the appellant's guilty plea but before his federal sentencing — a Puerto Rico court revoked the appellant's terms of probation for the 2013 offenses and sentenced him instead to two consecutive three-year prison terms (the revocation sentence). Although the record contains very few details concerning the revocation proceeding, the parties agree that the revocation was triggered, at least in part, by the same unlawful weapons possession that formed the basis of the appellant's federal conviction under section 922(g)(1).

In the PSI Report, the probation office recommended that the appellant be held responsible for a total offense level of 17 and slotted him into criminal history category (CHC) III, generating a guideline sentencing range of 30 to 37 months. See USSG Ch. 5, Pt. A (Sentencing Table). The appellant objected to his placement in CHC III, but the district court overruled his objection and adopted all of the recommended guideline

calculations. At the disposition hearing, the court weighed the factors limned in 18 U.S.C. § 3553(a) and imposed an upwardly variant sentence — 48 months' imprisonment — to be served consecutively to the revocation sentence. This timely appeal followed.

## II. ANALYSIS

As a general matter, we review the imposition of a sentence for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). This process "is characterized by a frank recognition of the substantial discretion vested in a sentencing court." United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013).

Judicial review of a challenged sentence typically entails "a two-step pavane." Id. At the first step, we consider claims of procedural error, which include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If this step is successfully navigated, we proceed to the next step and appraise the sentence for substantive reasonableness. See id. This latter inquiry necessitates an evaluation of "the totality of the circumstances." Id.

**A**

We begin with the appellant's claim of procedural error. Understanding the anatomy of a sentence helps to lend perspective.

A sentencing court's first task is to establish the proper guideline sentencing range. See id. at 49; Martin, 520 F.3d at 91. Two factors combine to produce this range in a particular case: the defendant's total offense level and his CHC. See United States v. Pinkham, 896 F.3d 133, 139 (1st Cir. 2018). The appellant does not quarrel with the district court's calculation of his total offense level but, rather, trains his fire on the court's CHC determination.

A defendant's CHC is derived from his criminal history score. See id.; United States v. Sanchez, 354 F.3d 70, 81 (1st Cir. 2004). By way of example, a defendant who has a criminal history score of four to six is placed in CHC III, whereas a defendant who has a score of two or three is placed in CHC II. See USSG Ch. 5, Pt. A (Sentencing Table). The lower a defendant's CHC, the lower his guideline sentencing range is apt to be. See Pinkham, 896 F.3d at 139.

To arrive at a defendant's criminal history score, the sentencing court must first review any sentences previously imposed on the defendant and determine whether to add zero, one, two, or three points for each such sentence. See USSG §§4A1.1, 4A1.2. A prior sentence of imprisonment exceeding one year and

one month ordinarily requires the assessment of three points. See id. §4A1.1(a). By contrast, a sentence of probation or of fewer than sixty days' imprisonment ordinarily adds one point to the defendant's score. See id. §4A1.1(c). Relatedly, the guidelines require that two more points be added if the defendant committed the offense of conviction (that is, the offense for which he is being sentenced) "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. §4A1.1(d).

Here, the district court assessed three points for the revocation sentence of six years. See id. §4A1.1(a). It added two more points because the appellant committed the offense of conviction while on probation. See id. §4A1.1(d). The appellant challenges the first of these assessments, insisting that only one point should have been awarded since the Puerto Rico court originally imposed a straight probationary sentence. Because this preserved claim of error implicates the interpretation and application of the guidelines, it engenders de novo review. See United States v. McCormick, 773 F.3d 357, 359 (1st Cir. 2014).

Despite its superficial appeal, the appellant's challenge lacks force. When imposing a sentence in a subsequent case, the sentencing court must "add the original term of imprisonment to any term of imprisonment imposed upon revocation [of probation]" in tabulating the defendant's criminal history

score.  USSG §4A1.2(k)(1).  Where, as here, "the language of the [applicable] guideline is plain and unambiguous, that is the end of the matter."  United States v. Suárez-González, 760 F.3d 96, 99 (1st Cir. 2014).  Under the luminously clear language of section 4A1.2(k)(1), any term of imprisonment imposed upon revocation of probation must be added to the original probationary term for the purpose of determining the defendant's criminal history score. See United States v. Van Anh, 523 F.3d 43, 61 (1st Cir. 2008).

The Sentencing Commission's commentary fully supports this construction.  It admonishes a sentencing court not to "count the original sentence and the resentence after revocation as separate sentences."  USSG §4A1.2, cmt. n.11.  Instead, the court is directed to add "the sentence given upon revocation . . . to the original sentence of imprisonment, if any," so that "the total should be counted as if it were one sentence."  Id.  We treat such commentary as authoritative unless it conflicts with federal law, see Stinson v. United States, 508 U.S. 36, 38 (1993); United States v. Cates, 897 F.3d 349, __ (1st Cir. 2018) [No. 17-1423, slip op. at 7], and the appellant has not identified any such conflict with respect to the quoted commentary.

Given the explicit language of the applicable sentencing guideline and the reinforcement supplied by the commentary, we conclude that the court below was correct in looking to the term of imprisonment imposed upon revocation of probation when

computing the appellant's criminal history score for the offense of conviction. Because that sentence exceeded one year and one month — indeed, it aggregated six years — the court appropriately attributed three criminal history points to it. See USSG §4A1.1(a).

The appellant resists this straightforward conclusion. He argues that the district court should not have factored the revocation sentence into his criminal history score because the conduct that triggered the revocation was essentially the same conduct that formed the basis for the offense of conviction. He predicates this argument on the theory that a court may not count a prior sentence toward a defendant's criminal history score if that prior sentence was imposed for conduct that is "part of the instant offense." USSG §4A1.2(a)(1); see United States v. Cyr, 337 F.3d 96, 99 n.1 (1st Cir. 2003). In the appellant's view, the district court impermissibly double-counted the conduct underlying his 2016 felon-in-possession offense by factoring that conduct into both his total offense level and his criminal history score. We do not agree.

We acknowledge, of course, that the rule forbidding a court from counting a prior sentence toward a defendant's criminal history score if that prior sentence was imposed for conduct that is part of the offense of conviction is designed to avoid double-

counting.[1]  See United States v. Nance, 611 F.3d 409, 413 (7th Cir. 2010); see also USSG §4A1.2, cmt. n.1 (excluding sentences imposed for conduct qualifying as relevant conduct under USSG §1B1.3 from criminal history score).  But that is not what happened here.  The salient distinction arises out of "the relation-back aspect of the law."  United States v. Dozier, 555 F.3d 1136, 1140 (10th Cir. 2009).  As we explained in an analogous context, a post-revocation sanction "is treated as part of the penalty for the initial offense."  United States v. McInnis, 429 F.3d 1, 5 (1st Cir. 2005) (citing Johnson v. United States, 529 U.S. 694, 699-700 (2000)).  In other words, revocation of probation is "a modification of the terms of the original sentence," which "implicates solely the punishment initially imposed for the offense conduct underlying that sentence."  United States v. Coast, 602 F.3d 1222, 1223 (11th Cir. 2010) (quoting United States v. Woods, 127 F.3d 990, 992-93 (11th Cir. 1997) (per curiam)).  Even when — as in this case — the revocation conduct itself constitutes a crime, "the sanction is

---

[1] We hasten to add that double-counting is not entirely forbidden in the sentencing context — a context in which "double counting is a phenomenon that is less sinister than the name implies."  United States v. Zapata, 1 F.3d 46, 47 (1st Cir. 1993). Such a conclusion flows logically from a recognition of the fact that sentencing factors "do not come in hermetically sealed packages, neatly wrapped and segregated one from another."  United States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994).  Thus, multiple sentencing factors may quite properly "draw upon the same nucleus of operative facts while nonetheless responding to discrete concerns."  Id.

independent of — and potentially in addition to — regular criminal prosecution for [that] crime." United States v. Brennick, 337 F.3d 107, 109 (1st Cir. 2003) (per curiam).

These principles are dispositive here. The revocation of the appellant's probation was, at bottom, a penalty for the conduct underlying the 2013 sentence (the local-law crimes of aggravated illegal appropriation and illegal possession of a firearm). The fact that Puerto Rico authorities revoked the appellant's probation for the same firearms possession that triggered his federal conviction under section 922(g)(1) "does not, for criminal history purposes, sever the conduct from the original . . . sentence attributable to his [2013 conviction]." Dozier, 555 F.3d at 1140 (quoting United States v. Wheeler, 330 F.3d 407, 412 (6th Cir. 2003)). We hold, therefore, that a sentencing court may assess criminal history points for a prison sentence imposed following revocation of probation, notwithstanding that the revocation-triggering conduct also constitutes the gravamen of the federal offense of conviction.

Even though this is a matter of first impression in this circuit, we do not write on a pristine page. No fewer than four other courts of appeals have concluded — as do we — that post-revocation penalties are "part of the sentence for the original crime of conviction, even where the facts underlying the revocation are precisely the same as those providing the basis for conviction

in the instant case." Wheeler, 330 F.3d at 412; accord United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010); Dozier, 555 F.3d at 1140; United States v. Franklin, 148 F.3d 451, 461-62 (5th Cir. 1998).

That ends this aspect of the matter. Because the incarcerative terms imposed upon the revocation of the appellant's probation are treated as part of his 2013 sentence, the court below properly attributed three criminal history points to that sentence. See USSG §4A1.1(a). And since it is undisputed that the appellant was on probation at the time he committed the instant offense, the district court's assessment of the two additional points in computing his criminal history score was also correct. See id. §4A1.1(d). It follows inexorably that neither the court's assessment of a total of five criminal history points nor its placement of the appellant in CHC III can seriously be questioned.

**B**

This brings us to the appellant's plaint — voiced for the first time on appeal — that his upwardly variant 48-month sentence was substantively unreasonable. Our standard of review for unpreserved claims of substantive unreasonableness is "somewhat blurred." United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015). No attempt at clarification is needed here; whatever the standard, the appellant's plaint is unavailing.

- 11 -

Appellate review for substantive reasonableness "focuses on the duration of the sentence in light of the totality of the circumstances." United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014) (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014)). To pass muster, a sentence must be "supported by a 'plausible sentencing rationale' and achieve[] a 'defensible result.'" United States v. Daoust, 888 F.3d 571, 577 (1st Cir. 2018) (quoting Martin, 520 F.3d at 96). We have emphasized that "there can be a wide universe of reasonable sentences in any single case." Id.; see United States v. Walker, 665 F.3d 212, 234 (1st Cir. 2011). As long as the sentence is "within the universe of acceptable outcomes," we must uphold it. United States v. Vargas-Dávila, 649 F.3d 129, 132 (1st Cir. 2011). The fact that a sentence exceeds the advisory guideline range is not dispositive, but "the greater the extent of a variance, 'the more compelling the sentencing court's justification must be.'" United States v. de Jesús, 831 F.3d 39, 43 (1st Cir. 2016) (quoting Del Valle-Rodríguez, 761 F.3d at 177).

When viewed against this backdrop, the appellant's sentence withstands scrutiny. After stating that it had considered the relevant section 3553(a) factors — a statement that is entitled to "some weight," United States v. Rodríguez-Adorno, 852 F.3d 168, 176 (1st Cir.), cert. denied, 138 S. Ct. 163 (2017) — the district court explained why the case at hand was not a run-of-the-mill

felon-in-possession case. The court noted that the appellant, while serving a probationary term, possessed a massive cache of weapons and ammunition, three face masks, a black ski hat, and other paraphernalia indicative of an intent to commit other crimes. Mindful of these striking facts, the court reasonably concluded, consistent with section 3553(a), that an above-the-range sentence was necessary to reflect the crime's "seriousness," "promote respect for the law," safeguard the public from future mischief at the hands of the appellant, and further the goals of "deterrence and punishment." Weighing these considerations, the court determined that a 48-month term of immurement was sufficient — but not greater than necessary — to serve the ends of justice.

The appellant demurs — but his demurrer is weak. He chiefly faults the court for undervaluing certain factors (such as his history of gainful employment and his acknowledgment of wrongdoing). But the appellant's argument overlooks that the choice as to which sentencing factor or factors should be stressed in any specific case is largely a matter for the sentencing court. See id. After all, a sentencing court is not required to "afford each of the section 3553(a) factors equal prominence." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). Rather, the court has broad discretion in determining how best to weigh those factors. See de Jesús, 831 F.3d at 44. In this instance, the

sentencing court acted well within the encincture of that discretion.

The appellant also faults the district court for ignoring the parties' joint recommendation that the court impose a within-guidelines sentence — a sentence that would not have exceeded 37 months. We agree that when the prosecution and the defense agree upon a sentencing recommendation, the sentencing court should pay careful attention to that recommendation. Careful attention, though, is not to be confused with blind allegiance. In the end, judicial review of a sentence focuses "on the sentence actually imposed, not on the relative merit of that sentence as contrasted with a different sentence mutually agreed to by the parties." Id. at 43. Here, the decisive consideration is that the 48-month sentence imposed by the court below falls within the wide universe of reasonable sentences.

To say more would be to paint the lily. In this case, the district court articulated an entirely plausible rationale for the sentence imposed and achieved a readily defensible result. The challenged sentence is, therefore, substantively reasonable.

## III. CONCLUSION

We need go no further. For the reasons elucidated above, the sentence is

**Affirmed.**