# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3577
_____

United States of America

*Plaintiff - Appellee*

v.

Santos Gomez Perez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 19, 2023
Filed: December 5, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

After a jury found that Santos Gomez Perez possessed firearms illegally, *see* 18 U.S.C. § 922(g)(5)(A) (prohibiting possession by illegal aliens), the district court[1]

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

sentenced him to 90 months in prison. Although he argues there was insufficient evidence and the sentence is unreasonable, we affirm.

## I.

Gomez Perez worked in an auto shop. When officers investigating a drug-trafficking case came in one day, they were in for a surprise. In a storage cabinet were bags and boxes full of guns, high-capacity magazines, and bulletproof vests. Gomez Perez's defense was that he did not know they were there.

The jury did not have to believe it. *See United States v. Casteel*, 717 F.3d 635, 644 (8th Cir. 2013) (explaining that "[w]e review the sufficiency of the evidence de novo . . . and accept[] all reasonable inferences that support the verdict" (citation omitted)). Gomez Perez, after all, had started acting suspiciously shortly after the officers arrived. He told them about "a stash" of guns hidden "somewhere else" in the city and grew nervous as they approached the cabinet. And then, just as they opened it, he spontaneously offered to show them what was inside. From this evidence, it was reasonable for the jury to infer that he knew about the guns all along and was only pretending to cooperate to hide his own culpability. *See United States v. Smith*, 508 F.3d 861, 866–67 (8th Cir. 2007) (noting that "knowledge . . . combined with control is constructive possession" and the former "is generally established through circumstantial evidence" (citations omitted)).

## II.

Gomez Perez's sentence is also substantively reasonable. *See United States v. Heath*, 624 F.3d 884, 886–88 (8th Cir. 2010) (reviewing for an abuse of discretion and presuming a within-Guidelines sentence is reasonable). The district court carefully considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and concluded that his background was "a mixed bag." Of particular concern were his failure to fully accept responsibility and the large number of guns he possessed,

which together "justif[ied] a substantial sentence." Just because Gomez Perez thought other factors deserved greater weight does not mean the court abused its discretion. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) (recognizing the court's "wide latitude to . . . assign some factors greater weight").

III.

We accordingly affirm the judgment of the district court.

_____